**R. LACY, Inc., v. JARRETT et al.**

No. 6392.

Court of Civil Appeals of Texas. Texarkana.

Oct. 14, 1948.

Rehearing Denied Nov. 4, 1948.

J. T. Harris, of Longview, for appellant.

Weeks, Hankerson & Surles, of Tyler, for appellee.

WILLIAMS, Justice.

That part of an oil, gas and mineral lease pertinent to the question presented in this suit brought under the Uniform Declaratory Judgments Act, Title 46A, Art. 2524—1 et seq., Vernon's Texas Ann.Civ.St. reads:

"This agreement made the 19th day of Nov., A.D. 1945, between W. J. Durham, lessor, and S. W. Breeding, lessee, witnesseth:

"1. Lessor in consideration of $10 in hand paid of the royalties herein provided, and of the agreement of lessee herein contained hereby grants, leases and lets exclusively unto lessee for the purpose of exploring, drilling and mining for and producing oil, gas and all other minerals * * * the following described land in Wood County, Texas, to-wit:"

Here follows description of three adjacent lots in Hawkins, Texas, followed by the reservation, the subject of this litigation, which reads:

"Lessor hereby reserves a production payment of $15,000.00 out of one-eighth (1/8th) of seven-eighths (7/8ths) of the oil, if, as and only when produced, saved and marketed from said land under this lease. In event it becomes necessary to place any well on said lease on the pump or other

artificial lift, it is agreed that during such time as said pump or lift is necessary and is used the fractional interest out of which said production payment is payable shall be reduced one-half.

"The oil attributable to this production payment shall be run into the pipe line free of cost and to credit of lessor until the gross runs accruing to the interest out of which it is payable amounts to $15,000.00, at which time this interest shall revert to the then owner of said lease."

Appellant, R. Lacy, Inc., defendant below, the assignee of above lease, is the present owner and operator of a producing oil well on above property. Submitted upon an agreed statement of facts, the trial court sustained the contention of appellees, Stella Jarrett and Doris Carter, plaintiffs below, the assignees under Durham, and owners of above $15,000 production payment, to-wit: That—

"The proper and legal construction of the fractional interest reserved by Durham in said lease until said $15,000 was paid, is 1/8th of 7/8ths or 7/64ths of the proceeds of the sale of all oil produced from the well located on said lots until $15,000 is paid; unless and until it becomes necessary to place any well on said lease on the pump or other artificial lift, in which event said fractional interest out of said production payment is payable shall be reduced 1/2."

It is to be noticed that under the terms of above instrument, the lease purports to cover the entire title or whole interest in the three lots. In 1943, two years prior to the execution of above lease, Breeding, the lessee, had obtained from Leona Guy and associates an oil and gas lease covering the same lots, containing substantially the same terms, but with a reservation of a production payment, which reads:

"It is expressly agreed that the lessor herein, Leona Guy, retains an oil payment for the sum of $5,000.00 payable out of 1/4 of 7/8 of all of the oil, gas and other minerals that may be produced from the record title interest leased by this instrument.

"Said oil payment is not to be construed as a personal obligation of the lessee but is to be paid out of 1/4 of 7/8 of the oil, gas,

and other minerals if, as and when produced from the land described in this lease, and the interest owned and conveyed by this instrument."

Durham at the time he executed the oil lease owned only a 7/12 undivided interest, Leona Guy being the owner of 5/12, the remainder.

■ It is appellant's claim that by reason of Durham's ownership of only a 7/12 undivided interest, and the employment of the last three words, namely, "under this lease" in the first sentence of the reservation clause that the production payment was limited to 1/8 of 7/12 of 7/8 of the oil as delivered to the pipe line.

In Hooks v. Neill, Tex.Civ.App., 21 S.W.2d 532, 534, w/r, which is relied upon by appellant in support of above contention, Neill and Raymond who jointly owned an undivided one-half interest "excepted and reserved to the grantors herein a one thirty-second part of all oil on and under the said land and premises herein described and conveyed." The court gave emphasis to the words "herein conveyed" and limited the reservation to 1/2 of 1/32. The reservation clause in the instant case does not limit the production payment out of the interest "herein conveyed" or the land conveyed, but merely limits the $15,000 payment from oil to that which may be produced "from the land under the lease then made," not under some other lease. The lease her involved describes the 3 lots. The reservation clause which follows the description of the 3 lots (the land), points back to said land described under this lease, the 3 lots, from which the production payment was to be made. As stated in King v. First Nat. Bank, 144 Tex. 583, 192 S.W.2d 260, 262, 163 A.L.R. 1128:

"The case cited (referring to Hooks v. Neill, supra) may be clearly distinguished from the instant suit in that we have no language in the deed before us which restricts or limits the reservation to the land described 'and conveyed.'" (Emphasis by the Supreme Court.)

And in further support of the trial court's construction of the fractional interest reserved, which is affirmed, it is to be observed that Breeding did not limit the pay-

694

ments in the instant lease as he did in the prior lease wherein the payments were limited to be paid out of the interest owned and conveyed by the grantor.

■ The matters presented under points 2 and 3 if technically erroneous are harmless and are respectfully overruled.

■ The judgment will be reformed to meet the complaint of appellant under the 4th point by adding to the decree as rendered that the $15,000 in oil to be delivered is that amount inclusive of such taxes levied or to be levied under the provisions of Art. 7057a, Vernon's Ann.Civ. St. The owners of such a production payment is liable to the State for his or her proportionate part of such taxes. Pettit v. Danciger Oil & Refining Co., Tex.Civ. App., 193 S.W.2d 282.

As modified or reformed, the judgment of the lower court is affirmed.