**Richard M. FINDER, Individually and d/b/a Texkan Oil Company, Appellant,**

v.

**Mary NYEGAARD, Appellee.**

No. 4094.

Court of Civil Appeals of Texas.

Waco.

April 18, 1963.

Rehearing Denied May 9, 1963.

Roach & Robertson, James S. Robertson, Jr., Dallas, for appellant.

Hill, Brown, Kronzer, Abraham, Watkins & Steely, W. James Kronzer, Houston, William N. Patman, Ganado, for appellee.

WILSON, Justice.

The problem presented is whether the provisions of a typewritten addendum or rider attached to a printed form of oil and gas lease had the effect of nullifying the proportionate reduction clause in the printed form as to gas royalty. The trial court determined it did so. We think it did not.

The predecessor in title of appellee-lessor reserved a $\frac{1}{32}$nd mineral interest in land conveyed, of which appellant had notice. Appellee thereafter executed the lease in controversy, using a Martin "C–88R Producers' 88 Special" printed form. It provided for a $\frac{1}{8}$th royalty on oil and casinghead gas. The printed form originally contained also a paragraph creating a royalty of $\frac{1}{8}$th of the market price at the well of

218

gas sold or used from wells where gas only is found; and where such gas is not so sold or used, an annual cash payment of $50. This printed paragraph relating to royalty on gas was deleted by typed strike-over. Also deleted were the "Mother Hubbard" and delay rental clauses.

The printed provision for proportionate reduction of royalty if "lessor owns a less interest in the above described land than the entire and undivided fee simple estate" remained intact. There was a covenant of warranty.

Attached to the printed form signed and acknowledged by appellee as lessor was a second typewritten sheet separately signed by her. It is recognized by the parties as being an addendum or rider to the printed form, both being filed and recorded as constituting one contract document.

The rider provides:

"Notwithstanding anything to the contrary contained in the foregoing lease, it is understood and agreed that: (1) To pay to Lessor as royalty for gas from each well where gas only is found, while the same is being sold or used off of the premises, one-eighth of the market price at the wells of the amount so sold or used, and where such gas is not so sold or used lessee shall pay to lessor *$779.70* per annum *for two years only from the date of this lease,* as royalty * * *"

This language, after "(1)", is identical to that deleted from the printed form except for change of the cash amount as to shut-in gas, and the insertion of the italicized words. There was added a pipeline connection requirement and a provision for lessor's use of water wells.

The next four paragraphs of the typed rider comprise about 50 single-spaced typewritten lines containing surface and property damage clause, clean-up, restoration, fencing, drainage and other covenants and requirements for lessor's protection, with provision for notice and damages in the

event of their breach; a requirement that lessee re-enter a specified location within 60 days and drill a second well; and an acreage retention and undeveloped acreage surrender provision. No extrinsic evidence was offered, and there is no direct proof as to who drafted the contract.

The narrow question is whether the introductory words, "notwithstanding anything to the contrary in the foregoing lease" preceding the 1/8th gas royalty reservation in the typewritten rider entitles appellee to a full 1/8th royalty undiminished by the 1/32nd interest reserved by lessor's predecessor in title. Appellee says it does because the proportionate reduction clause in the printed portion is "contrary" to the unqualified 1/8th royalty reservation in the rider. Appellant contends lessor's royalty is reduced to 3/32nds by the proportionate reduction clause. Appellee insists the latter clause is applicable only to oil and casinghead gas by virtue of these quoted words.

Both parties tell us the present problem is readily solved by McMahon v. Christmann, 157 Tex. 403, 303 S.W.2d 341, 304 S.W.2d 267. There the typed rider, following a printed proportionate reduction clause, reserved a royalty "without reduction". If such language had been inserted in the present rider, of course there would be no problem. Newport Oil Co. v. Lamb, Tex.Civ.App., 352 S.W.2d 861, no writ, and R. Lacy, Inc. v. Jarrett, Tex.Civ.App., 214 S.W.2d 692, cited by the parties are not decisive of the question. In Gibson v. Turner, 156 Tex. 289, 294 S.W.2d 781, the proportionate reduction clause was entirely deleted. Appellee contends "notwithstanding anything to the contrary" in our addendum, has virtually the same effect of avoiding reduction as did "without reduction" in the McMahon case.

In seeking the intention of the parties here, we are led to ask: Why did they strike out the gas royalty clause in the printed form and reproduce it on another page with precise exactitude? Was it in order to create a variance and ambiguity and bring

into action the rule of construction in resolving conflicts that typewritten matter controls over printed? Was it to remove gas royalty from proportionate production, and free it from diminution? Why did they not insert a provision in the proportionate reduction clause, where space was available, that it was limited to oil and casinghead gas? Did the parties decide to becloud or conceal their clear intent by transferring the location of a paragraph and prefacing it with the fuzzy "notwithstanding anything to the contrary"—rather than stating simply such royalty was without proportionate reduction? Both parties were cognizant of the outstanding ½₂nd interest. Or, on the other hand, did they or their draftsman, conclude the minute space provided in the printed form made interlineation impossible in substituting the amount of shut-in gas payment, inserting the italicized words and adding six lines of typing amending the original printed paragraph? All added provisions in the entire page of the typewritten rider appear to be for lessor's benefit. They contain no apparent lack of clarity or translucent draftsmanship where they directly qualify or alter the printed form. They constitute, in fact, typical modifications of a printed form lease proposed or successfully negotiated and made at the instance of a prudent lessor or his careful and experienced counsel. We believe the failure of the parties to clearly qualify or restrict the proportionate reduction clause evidences their intention not to do so, upon the face of the contract.

The force of appellee's logic is not lost on us, but in our opinion the proportionate reduction clause is not "contrary" to the typed gas royalty provision. The latter provision exists and is fully effective, just as it originally existed before it was expunged, transposed and duplicated with additions. The proportionate reduction clause is no more inconsistent with it because of the prefatory "notwithstanding anything to the contrary" than it was before. This phrase is clearly applicable to other provisions of the rider which effectuated direct changes with direct words. The same gas royalty reserved is, we think, subject to the same reduction it was before the location and order in the contract document was changed. We thus leave the agreement as we found it, its provisions harmonized and unaltered by implication. The judgment is reversed and here rendered that appellee take nothing.