DOWNEN ENTERPRISES *et al.*, Plaintiff-Appellee, v. GEM OIL & GAS COMPANY, INC., *et al.*, Defendants-Appellants.

Fifth District No. 5—83—0559

Opinion filed February 28, 1985.

Wendy B. Porter and John A. Clark, both of Croegaert & McLaughlin, Ltd., of Olney, for appellants.

Terry R. Black and Carl L. Favreau, both of Campbell, Furnall, Moore & Jacobsen, P.C., of Mt. Vernon, for appellee.

JUSTICE KASSERMAN delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of White County which construed an oil and gas lease.

Plaintiff, Downen Enterprises, a partnership consisting of five brothers, filed a complaint seeking construction or reformation of an oil and gas lease. The complaint alleged, *inter alia*, that plaintiff owned the surface and an undivided interest in the minerals lying under a certain piece of real estate. On November 11, 1980, plaintiff executed and delivered to Geneva Oil and Gas Company an oil and gas lease to the real estate. This lease was subsequently assigned to defendant Gem Oil and Gas Company. Defendant Bi-Petro, Inc., is the crude oil purchaser of the oil produced from the real estate and was joined merely as a stakeholder in this action.

The oil and gas lease contained a lesser interest clause which stated, in part:

"*** if Lessor owns an interest in the oil and gas and like minerals underlying said land less than the entire fee simple estate, then the royalties and rentals to be paid Lessor shall be reduced proportionately."

The oil and gas lease also contained a supplement entitled "Attachment 'A.' " This portion of the lease stated, *inter alia*: "Lessors will receive a 1/8th of 8/8ths Overriding Royalty Interest."

The trial court, after hearing evidence, denied plaintiff's request for a reformation of the lease; however, judgment was entered in favor of plaintiff. The judgment stated in part:

"10. The basic issue is one of construction and is whether or not the overriding royalty reservation is subject to the 'lesser-interest' clause in the lease. The 'lesser-interest' provision in an Oil and Gas Lease concerns the customary 1/8 owners royalty. This clause is inserted in an Oil and Gas Lease to protect the Lessee from double liability, and unless there is specific language in the overriding royalty reservation making it subject to the 'lesser-interest' provision, it should not be subject to the 'lesser-interest' provision. An overriding royalty reservation is contractual. The language controls and in this case the language does not restrict the reservation.

11. Judgment should be entered herein in favor of Plaintiffs and against Defendant, Gem Oil & Gas Co., Inc., on the construction theory and Plaintiffs are entitled to a full 1/8 x 8/8 overriding royalty, which interest should not be reduced proportionately by the 'lesser-interest' provision of said Oil and Gas Lease."

Gem Oil and Gas Company has brought this appeal and maintains that the overriding royalty granted to plaintiff should have been reduced by the lesser interest clause of the lease.

Plaintiff contends that the case of *Williams v. Sohio Petroleum Co.* (1958), 18 Ill. App. 2d 194, 151 N.E.2d 645, is controlling and the trial court's judgment was correct. We agree.

In *Williams* the court considered the application of a lesser interest clause to an overriding royalty interest reserved in the lease. There the court said:

> "We agree that the wording of the whole lease is properly considered when the court is called upon to construe its legal effect. But much of the argument about the lesser interest clause is beside the point, and we do not propose to hold that any overriding royalty reserved in the lease, regardless of wording, is automatically reduced by that clause.
>
> \* \* \*
>
> \*\*\* However, the extent of the overriding royalty may be, and often is, limited by the extent of the mineral interest of the owner. It depends upon the wording of the reservation. The majority of the decisions hold this wording controls, without reference to a lesser interest clause, and the same method of construction is applied both to leases, and to deeds, even though the latter have no similar lesser interest clause." (18 Ill. App. 2d 194, 198-99, 151 N.E.2d 645, 647-48.)

The *Williams* court then stated that it agreed with the majority of the decisions and proceeded to determine the intention of the parties as indicated by the express wording of the reservation. A number of authorities in the area of oil and gas law have recognized that *Williams* sets forth the applicable Illinois law regarding any conflict between an overriding royalty and a lesser interest clause. See 3A W. Summers, Law of Oil & Gas sec. 609.2 (1984 Supp.); 4 H. Williams, Oil & Gas Law sec. 686.7 (1981).

As stated in *Williams*, the extent of the overriding royalty interest reserved by plaintiff in the case at bar depends on the wording of the reservation without reference to the lesser interest clause. In this regard, with at least constructive knowledge of plaintiff's interest, defendant's predecessor in interest accepted plaintiff's lease containing a reservation of a one-eighth of eight-eighths overriding royalty interest, a one-eighth of the total mineral interest and not a one-eighth of only plaintiff's interest in the minerals. As the successor in interest to the original lessee, defendant is bound by the same reservation. Therefore, we find that the trial court correctly applied the law in the instant

case and we will not disturb its judgment.

For the foregoing reasons, the judgment of the circuit court of White County is affirmed.

Affirmed.

JONES, P.J., and WELCH, J., concur.