B. W. KING V. FIRST NATIONAL BANK OF WICHITA FALLS,
EXECUTOR AND TRUSTEE.

No. A-705. Decided January 30, 1946.
Rehearing overruled February 27, 1946.
(192 S. W., 2d Series, 260.)

*Marshall & King,* of Graham, *Critz, Kuykendall, Bauknight, Mann & Stevenson,* by *Richard Critz,* of Austin, for petitioner.

The Court of Civil Appeals committed error in declaring the substantative law which resulted in affecting the judgment of the court wherein it construed the royalty reservation under consideration and in holding that the deed in question carrying the reservation under consideration was clear and unambiguous, and that parol evidence in explanation thereof was not admissible State National Bank of Corpus Christi v. Morgan, 135 Texas 509, 143 S. W. (2d) 757; City of Ranger v. Hagaman, 4 S. W. (2d) 597; Watkins v. Slaughter 144 Texas 179, 189 S. W. (2d) 699.

*Martin & Martin,* by *Thelbert Martin,* of Whichita Falls, for respondent.

MR. JUSTICE FOLLEY delivered the opinion of the Court.

This suit involves the construction of a deed dated June 7, 1939, wherein J. E. Duncan, now deceased, was the grantor and the petitioner, B. W. King, the grantee. The respondent, First National Bank of Wichita Falls, is the trustee and executor under the will of J. E. Duncan and appears in this suit in that capacity.

At the time of the conveyance Duncan and King were the joint owners in fee simple of two tracts of land in Young County, totaling 240 acres, each owning an undivided one-half interest. In the deed Duncan conveyed his half interest to King, reserving or excepting a royalty interest therein. The amount of such interest reserved is the sole controversy in this suit.

The pertinent portions of the deed are as follows:

"That J. E. Duncan, a single man, having never been married, of the County of Young, State of Texas, for and in consideration of. the sum of Ten and No/100 Dollars, and other good and valuable consideration, all cash to me in hand paid by B. W. King, the receipt of which is hereby acknowledged, have Granted, Sold and Conveyed, and by these presents do Grant, Sell and Convey unto the said B. W. King, of the County of Young, State of Texas, all that certain undivided one-half (1/2) interest (being all of the interest owned by the grantor) in and to the following described land situated in Young County, Texas, to-wit:

"1st Tract—West one-half of T. E. & L. Company Survey No. 461, Abstract No. 668, containing 160 acres more or less.

"2nd Tract—Southeast one-fourth of T. E. & L. Company Survey No. 460, Abstract No. 667, containing 80 acres, more or less.

"The grantor hereby reserves unto himself, his heirs, successors and assigns for a period of ten (10) years only from this date an undivided one-eighth (1/8) of the usual and customary one-eighth royalty interest reserved by the land-owner in oil and gas and other minerals that may be produced from the hereinabove described land; the grantee, his heirs and assigns shall have the right and privilege of making, executing and delivering oil and gas leases on said land and shall receive all

bonuses, rentals and renewals derived from the giving of or execution of any such oil and gas leases provided, however, any oil and gas lease so given shall provide for a royalty of not less than one-eighth of the oil and gas and other minerals produced, saved and sold from the said land.

"The grantor, his heirs and assigns, shall never be required or entitled to join in the execution of any oil and gas lease on said land but the grantee, his heirs and assigns shall give such oil and gas leases.

"(By the term royalty as used in this reservation is meant the usual and customary one-eighth of all oil and gas and other minerals produced, saved and sold from the premises.)

"This reservation shall terminate at the expiration of ten (10) years from this date and the reserved estate shall revert to the grantee, his heirs and assigns."

The petitioner contends that since a one-half interest was conveyed in the land, the grantor reserved only one-eighth of one-half of the usual one-eighth royalty in the entire 240 acres. The respondent contends that the reservation covers and includes one-eight of the one-eighth royalty in the entire 240 acres. The trial of this issue in the district court resulted in a judgment for respondent decreeing that the grantor reserved an undivided one-eighth of the usual one-eighth royalty upon the whole land and not an undivided one-eighth of one-half of such royalty. The judgment granted petitioner King the fee simple title to all the land less an undivided one-eighth of the usual one-eighth royalty derived from the total production of oil, gas or other minerals from the entire land for the ten-year period stipulated in the deed, which interest so reserved was granted to the respondent bank. The judgment of the trial court was affirmed by the court of civil appeals. 189 S. W. (2d) 347.

■ The inquiry in this case does not call for a discussion of the refined and subtle distinctions between a reservation and an exception in a deed, which terms are frequently used interchangeably and indiscriminately. Reynold v. McMan Oil & Gas Co., Tex. Com. App., 11 S. W. (2d) 778; 26 C. J. S. 439, Sec. 137. It is sufficient to note that the property excepted or the estate reserved is never included in the grant. Each is something to be deducted from the thing granted, narrowing and limiting what would otherwise pass by the general words of the grant. In this instance, however, at the time of the conveyance, the grantor actually owned one-half or four eights of the minerals under the entire land, or all of eight eights of his undivided one-half interest, and thus, without incongruity, the one-eighth por-

tion of the royalty reserved could relate either to the whole or the one-half interest in the land, depending upon the intention of the parties from the language of the entire instrument.

In support of his contention that the lesser interest was excepted from the deed the petitioner cites and relies upon only one case involving a reservation of royalty in a deed conveying a fractional interest, and that is Hooks v. Neill, 21 S. W. (2d) 532, writ refused. In that case the grantors, who owned an undivided one-half interest in an acre of land, conveyed all the title and interest they owned, subject to a reservation of a "one thirty-second part of all oil on and under the said land and premises herein described *and conveyed* * * *" (Italics ours.) It was there held that the deed reserved one thirty-second of one-half of the oil of the entire land, or one sixty-fourth of the oil on and under the whole acre, and not one thirty-second thereof as contended by grantors. The decision turned upon the words "and conveyed" used in the reservation clause of the deed. Such words were emphasized by italics in the court's opinion, and in connection with the language used the court said:

"* * The language so used clearly imports—in fact, it clearly states— that grantors reserve and except from the conveyance one thirty-second part of all oil on and under the land and premises thereby conveyed. Now, it is clear, from all the facts and circumstances confronting the parties at the time of the execution of the deed, that the premises conveyed was at most not more than a one-half undivided part of the land in controversy."

The case cited may be clearly distinguished from the instant suit in that we have no language in the deed before us which restricts or limits the reservation to the land described "and conveyed."

■ ⁻ We think the true intention of the parties to the conveyance herein is clearly and affirmatively expressed in the deed. The granting clause specifies that the grantor is conveying an undivided one-half interest, which was all he owned, "in and to the *following described* land situated in Young County, Texas." (Italics ours.) This language points forward to what immediately follows in the instrument which is a description of each tract of land as a whole. Then comes the reservation clause which points backward to the same land described as a whole. In such clause grantor excepts from the "hereinabove described land" an undivided one-eighth of the "usual and customary one-eighth royalty reserved by the land owner," which, as a matter of judicial knowledge, we know is one-eighth of the oil and gas produced from land as a whole. State Nat. Bank of Corpus

Christi v. Morgan, 135 Texas 509, 143 S. W. (2d) 757. Such clause further provides that the grantor, his heirs and assigns shall have the right to execute oil and gas leases upon "said land," and receive all bonuses, rentals and renewals derived therefrom, which authority, however, is limited in that any lease so executed must provide for a royalty of not less than one-eighth of the oil, gas or other minerals produced from "said land." These provisions obviously refer to the entire land. It is further provided that the grantor, his heirs and assigns, shall never be required or entitled to join in the execution of any oil and gas lease on "said land," which in our judgment necessarily refers to the entire land. Lastly, the parties define the term "royalty" as used in the reservation as being the usual and customary one-eighth of all oil, gas and other minerals produced. from the "premises," which again refers to the whole interest, since oil or other minerals would necessarily be produced from the whole land irrespective of the ownership of undivided shares thereof. Therefore, looking forward from the granting clause and backward from the reservation clause it seems evident that the term "following described land," "hereinabove described land," "said land," and "premises," refer not to the one-half interest actually conveyed, as in Hooks v. Neill where the reservation was so limited, but relate to the intervening paragraphs of the deed wherein the "1st Tract" and the "2nd Tract" are particularly described as a whole in units of 160 acres and 80 acres, respectively.

By the language used the contracting parties clearly designate the dividend, the divisor and the quotient of royalty with which they were dealing in the reservation clause. They had in mind the entire 240 acres when they referred to the "usual and customary one-eighth royalty" from which the one-eighth portion was to be reserved, and consequently the dividend is the entire royalty, the divisor of course is eight, and the quotient follows as a matter of simple division. Thus in the same manner they measured the interest conveyed in the granting clause, which was one half of the entire land, the parties used the entire royalty of all the land as the quantity from which the fractional portion of one-eighth should be derived, which method of computation resulted in a quotient of one-eighth of the royalty from the entire land.

The judgments of the trial court and court of civil appeals are affirmed.

Opinion delivered January 30, 1946.

Rehearing overruled February 27, 1946.