**DOWDA v. HAYMAN et al.**

**No. 15053.**

Court of Civil Appeals of Texas.
Fort Worth.

June 3, 1949.

Rehearing Denied July 8, 1949.

Marshall, King & Rodgers and T. J. Rodgers, all of Graham, for appellant.

Donald & Donald and J. M. Donald, all of Bowie, for appellees Sam Hayman and Eunice Mallory and husband, Walter Mallory.

Thos. B. Losey, of Chickasha, Okl., for appellees Elsie Hayman Brown, Thelma Hayman Thomas, LaFaun Hayman Anthony, Idell Hayman Huggins, Gladys Hayman Alberson, Hester Hayman Swindell, and Jasper D. Hayman.

Steele, Daugherty & Downey, all of Tulsa, Okl., and Harrell & Harrell and J. G. Harrell, all of Breckenridge, for appellees J. H. Boyle and E. I. Hanlon.

McDONALD, Chief Justice.

Prior to the execution of the deeds herein involved, the tract of land therein conveyed, 320 acres in Young County, belonged to the widow of J. J. Hayman, deceased, his six living children, all of whom were adults, and the children of his two deceased children. The widow, Mrs. E. A. Hayman, owned a one-half undivided interest, and the six adult children and the two sets of grandchildren each owned an undivided one-sixteenth interest. The grandchildren were minors.

On November 18, 1926, the widow and the six adult children joined in executing a deed, the pertinent parts of which are as follows:

"That we, Mrs. E. A. Hayman, surviving widow of J. J. Hayman, deceased, who died intestate, and * * * being all adult children and heirs or rightful claimants to interests in the estate of J. J. Hayman, deceased (except Z. Z. Fickling, deceased wife of Thomas Fickling, and J. D. Hayman, deceased husband of Myrtle Hayman, the children of whom are the additional heirs of the said J. J. Hayman, deceased, and who through their respective guardians, Thomas Fickling and Myrtle Hayman, make separate deeds to the said grantee of their interests in the estate of the said J. J. Hayman, deceased), for and in consideration of * * * have granted, sold and conveyed, and by these presents do grant, sell and convey unto the said P. J. Keeter * * * all our right, title and interest in and to that certain tract or parcel of land, situated in the County of Young and State of Texas, and described as follows: Three Hundred and Twenty and No/100 (320) acres of land, the TE&LCo. Survey No. 721, abstract No. 726, in the said State and County.

"To have and to hold the above described premises, together with all and singular, the rights and appurtenances thereto in any wise belonging unto the said P. J. Keeter and his heirs and assigns forever, etc.

"It is hereby expressly agreed and understood that out of the grant hereby made, there is expected and reserved to the grantors herein one half of all oil, gas and minerals of whatever kind on and under the land and premises herein conveyed."

On November 12, 1926, one of the guardians mentioned in said deed executed a deed conveying the one-sixteenth interest owned by her wards, and on the same day the other guardian mentioned executed a deed conveying the one-six-

teenth interest owned by his wards. Both of the deeds executed by the guardians contained a clause reading as follows:

"It is hereby expressly agreed and understood that out of the grant hereby made, there is excepted and reserved to the grantors herein one half of all oil, gas and minerals of whatever kind on and under the land and premises herein conveyed."

This suit was brought by Fred W. Dowda, appellant in this court, as a subsequent grantee of the title conveyed to P. J. Keeter by the deeds just described. The defendants are the Hayman heirs and subsequent grantees of some of them. The controlling issue involved in the suit is whether there was reserved to the grantors named in the deed executed by Mrs. Hayman and the six adult children one-half of all the minerals, or one-half of fourteen-sixteenths. To put it another way, the question for determination is whether plaintiff Dowda owns seven-sixteenths or one-half of the minerals in and under the 320 acres of land. The trial court in a nonjury trial held that Dowda was entitled to only seven-sixteenths of the minerals, and Dowda has appealed.

For the sake of clarity, although the point is not material to our disposition of the appeal, Mrs. E. A. Hayman died subsequent to the execution of the deed in question, and the two sets of minor heirs inherited their respective shares of the mineral interest reserved by Mrs. Hayman.

■ We hold that the deed executed by Mrs. Hayman and the six adult children is neither ambiguous nor uncertain. It shows on its face that the grantors therein named owned less than the entire fee in the 320 acres, that they were undertaking only to convey the interest they owned, and that the owners of the remaining interest, to-wit, the minor grandchildren, were parting with their interest through deeds executed by their respective guardians. We disagree with the contention made by appellees that said deed purports to convey the entire title less the reserved mineral interest.

The principal problem of this case has been considered in the cases next cited, and it is our holding that this case falls within the rule applied in Hooks v. Neill, Tex.Civ.App., 21 S.W.2d 532, writ refused, and not within the rule applied in such cases as King v. First National Bank of Wichita Falls, 144 Tex. 583, 192 S.W. 2d 260, 163 A.L.R. 1128; Clemmens v. Kennedy, Tex.Civ.App., 68 S.W.2d 321, writ ref.; Spell v. Hanes, Tex.Civ.App., 139 S.W.2d 229, writ dis. c. j.; and Lacy v. Jarrett, Tex.Civ.App., 214 S.W.2d 692, writ ref.; which is to say that the deed signed by Mrs. Hayman and the adult children reserved to them only one-half of fourteen-sixteenths of the minerals. All parties appear to agree that the deed executed by each guardian reserved only one-half of one-sixteenth interest in the minerals.

Appellant Dowda, in seeking to uphold his contention that the deed from Mrs. Hayman and the adult children reserved only one-half of fourteen-sixteenths of the minerals, argues that the deed from Mrs. Hayman and the adult children, and those from the two guardians, should be treated as a single transaction between the Hayman heirs and Keeter, and that it is plain when all three of the deeds are considered together that it was the intention of the parties that all of the Hayman heirs taken together should reserve only one-half of the minerals, and that the interest reserved to Mrs. Hayman and the adult children was therefore one-half of fourteen-sixteenths, and not one-half of all the minerals. Appellees argue against the acceptance of this theory. We do not base our decision on this contention made by appellant. As already said, it is our opinion that the deed from Mrs. Hayman and the adult children was unambiguous, and showed on its face both that it purported to convey less than the entire interest in the land, and that the mineral interest reserved was one-half of the interest in the land being conveyed by such deed.

■ Some of the appellees argue that the suit was one to reform the deed executed by Mrs. Hayman and the adult

children, and that the action was barred by the four year statute of limitations, Article 5529, R.C.S. We hold that the suit was not a personal action to reform the deed in question, but was a suit to recover land, based on the deed as it was written, and therefore was not barred by the cited statute.

Certain of the appellees filed pleas of privilege, which were controverted, and were heard at the same time the case was heard on the merits. The pleas were overruled. Said appellees are not in position to complain of such ruling here, having failed to prosecute an appeal therefrom. Besides, the venue issue was properly decided.

The appellees also say that appellant is estopped to deny that the deed reserved one-half of all the minerals to Mrs. Hayman and the adult children, because of the following facts. On March 14, 1928, Keeter conveyed the land in question to J. C. Dowda, who later conveyed it to appellant Fred W. Dowda. The deed from Keeter to Dowda contained the following clause: "It is understood and agreed and so acknowledged that one-half of the oil, gas and other mineral rights in, to and under the hereinafter described land is here specially reserved, and not included in this conveyance." On October 29, 1931, Keeter executed an instrument in writing which referred to the deed from Keeter to Dowda and declared that such instrument then being executed was for the purpose of clarifying and correcting the mineral reservation in said deed. It declared that it was not the purpose and intention of said deed to reserve any mineral interest in Keeter and wife. It also contained the following recital: "In the warranty deed from the said J. J. Hayman heirs, conveying the above land to P. J. Keeter, a one half interest in oil, gas and other minerals in and under said land was reserved and retained by said J. J. Hayman heirs and the said J. J. Hayman estate." Appellees argue that there was only one warranty deed, towit, that signed by Mrs. Hayman and the adult children, and that the recitation just quoted was therefore one to the effect that Mrs. Hayman and the adult children reserved one-half of all the minerals. They seek to invoke the rule that one who claims under an instrument is bound by the recitals of fact contained in it. In the first place, appellees are in error in saying that the deed from Mrs. Hayman and the adult children was a warranty deed. There is no ground for saying that it was the deed referred to as a warranty deed. In the second place, it is difficult to see how the recital could be interpreted as meaning anything other than that all of the Hayman heirs reserved a one-half interest in the minerals.

The appellees who have purchased mineral interests from some of the Hayman heirs argue that they were innocent purchasers, with no knowledge of the deeds from the two guardians and not chargeable with knowledge of the fact, if it was a fact, that they and the other deed were but a single transaction. It is not necessary to pass on this contention, because the deed under which appellees claim was sufficient on its face to charge said appellees with knowledge of the fact that it did not reserve to the grantors one-half of all the minerals.

Under the judgment rendered by the trial court, there was no controversy between the appellees who had purchased interests from some of the heirs, and the other appellees. Our holding that the deed executed by Mrs. Hayman and the six adult children reserved to the grantors in said deed only one-half of fourteen-sixteenths of the minerals may result in there being undecided issues between the parties just mentioned. The judgment of the trial court is therefore reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.