In Seale v. State, 158 Tex.Cr.R. 440, 256 S.W.2d 86, a similar contention was before us and we held that the recitation in the charge refuted the claim that no plea was entered for the defendant, and complied with Art. 500, Vernon's Ann.C.C.P. See also Ward v. State, 160 Tex.Cr.R. 338, 268 S.W.2d 669; and Gonzalez v. State, Tex.Cr.App., 318 S.W.2d 658.

It is true that the charge of the court does not become a minute entry, but the plea was entered upon the minutes as a part of the judgment.

The judgment is affirmed.

P. C. CLACK et ux., Appellants,

v.

Jesus GARCIA, Appellee.

No. 13447.

Court of Civil Appeals of Texas.

San Antonio.

April 8, 1959.

J. B. Dibrell, Seguin, for appellants.

Threlkeld, Saegert & Saegert, Seguin, for appellee.

POPE, Justice.

P. C. Clack, on April 16, 1954, owned one-eighth of the surface and one-sixteenth of the minerals to one hundred acres of land in Guadalupe County. On that date he conveyed his surface interest to Jesus Garcia and reserved a non-participating royalty in these words:

"There is excepted from this conveyance, not herein conveyed, but expressly retained and reserved by grantors, an undivided one-sixteenth (1/16th) interest (same being one-half of the usual one-eighth royalty) in and to all of the oil, gas and other minerals in, to, under and that may be produced from the interest of said grantors in said land * * *."

Plaintiff, Clack, claims that he reserved one-sixteenth of one-eighth or a 1/128th royalty. Defendant, Garcia, contended and the court held that Clack reserved a 1/256th royalty. The judgment was correct. At the time of the conveyance, Clack owned one-sixteenth of the minerals. He reserved a royalty described as one-sixteenth of his interest. One-sixteenth of his one-sixteenth interest was 1/256. Hooks v. Neill, Tex.Civ. App., 21 S.W.2d 532.

The judgment is affirmed.