COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH


NO. 2-09-019-CV

ALVIE MAX WINEGAR                                          APPELLANTS
AND ALICE WINEGAR

V.

NOEL DAVID MARTIN,                                         APPELLEES
ROBERTA SUE MARTIN,
TRAVIS RYAN MARTIN,
AND ANGELA R. MARTIN

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

OPINION

------------

I. INTRODUCTION

The primary issue in this appeal is whether a royalty reservation in a deed reserved the grantor's entire 1/3 royalty interest or only a 1/3 of his 1/3 royalty interest, or a 1/9 royalty interest. The trial court granted summary judgment in favor of Appellees Noel David Martin, Roberta Sue Martin, and Travis Ryan

Martin (the Martins)[1] and against Appellants Alvie Max Winegar and Alice Winegar, judicially declaring that Appellants own an undivided 1/9 (1/3 of the grantor's 1/3) nonparticipating royalty interest. In seven issues, the Winegars appeal the trial court's summary judgment in favor of the Martins. We will affirm.

## II. FACTUAL BACKGROUND

Alvie Winegar, Noel David Martin, and Travis Martin purchased 107.123 acres of property in Hood County as 1/3 cotenants. The purchase included the surface estate and 100% of the mineral estate. In 2003, Alvie agreed to sell his 1/3 interest in the land to the Martins and Angela and reserve to himself a nonparticipating royalty interest.

The first paragraph of the deed from Alvie to the Martins and Angela conveyed to the Martins and Angela "all of Grantor's undivided ONE-THIRD (1/3) interest on the real property more particularly described in Exhibit 'A' attached hereto." The second paragraph provides in part,

> Included in this Deed and conveyed from Grantor to Grantee is the right to receive all royalty (except as limited by the reservation below), bonus, delay rentals, and the right to enter into or make oil,

---

[1] ... Appellee Angela R. Martin was married to Travis Ryan Martin, but they divorced before this suit was filed. Angela did not contest the relief sought by the Winegars at trial, she did not join in the Martins' motions for summary judgment, and she has not filed a brief in this appeal.

2

gas, and/or mineral leases. Out of the undivided mineral interest conveyed, Grantor reserves to himself, and his heirs, successors, personal representatives, and assigns, an undivided ONE-THIRD (1/3) of royalty ("non-participating royalty interest"), which reserved non-participating royalty interest shall only be payable out of oil, gas, or other minerals that may be produced from the Lands. By this reservation, Grantor shall not participate in the making of any leases on the undivided mineral interest conveyed to Grantee, or be entitled to receive or own any bonus or delay rentals for the granting of any lease on the Lands by Grantee.

In April 2004, the Martins and Angela executed a mineral lease with Quicksilver Resources, covering the entire 107.023-acre property. In December 2007, Quicksilver sent Alvie a division order showing that he owned a 1/9 royalty interest in the property.[2]

The Winegars filed suit against the Martins and Angela in February 2008, seeking a declaration that they own a 1/3, rather than a 1/9, royalty interest, reformation of the deed based on mutual mistake, and economic damages. The Martins filed a counterclaim seeking a declaration that the Winegars own a 1/9 royalty interest. The Winegars and the Martins filed cross-motions for summary judgment on their requests for declaratory judgment. The Martins also moved for summary judgment on statute of limitations grounds and moved for no-

---

[2] Earlier that year, Alvie had conveyed 1/2 of his royalty interest to his wife, Alice. Thus, any royalty interest reserved to Alvie is now owned by him and Alice.

3

evidence summary judgment on the Winegars' remaining claims.[3]   After a hearing, the trial court entered a final judgment granting the Martins' motions for traditional and no-evidence summary judgment and denying the Winegars' motion for partial summary judgment.   In its order, the trial court judicially declared that the deed from Alvie to the Martins and Angela reserved to Alvie "an undivided 1/9th (1/3rd of [Alvie's] 1/3rd) nonparticipating royalty interest."  The trial court denied all other relief requested.   The Winegars filed this appeal.

## III. STANDARDS OF REVIEW

### A.  Traditional Summary Judgment

In a summary judgment case, the issue on appeal is whether the movant met the summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  Tex. R. Civ. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).  We review a summary judgment de novo.  *Mann Frankfort*, 289 S.W.3d at 848.

We take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008); *Sw. Elec. Power Co.*

---

[3] ... The Winegars later filed a supplemental petition pleading the discovery rule and quasi-estoppel to avoid the Martins' statute of limitations defense.

*v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort*, 289 S.W.3d at 848. We must consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all of the evidence presented. *See Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 568 (Tex. 2006); *City of Keller v. Wilson*, 168 S.W.3d 802, 822–24 (Tex. 2005).

The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of the movant's cause of action or defense as a matter of law. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979).

When both parties move for summary judgment and the trial court grants one motion and denies the other, the reviewing court should review both parties' summary judgment evidence and determine all questions presented. *Mann Frankfort*, 289 S.W.3d at 848. The reviewing court should render the judgment that the trial court should have rendered. *Id.*

B. No-Evidence Summary Judgment

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the

ground that there is no evidence to support an essential element of the nonmovant's claim or defense. Tex. R. Civ. P. 166a(i). The motion must specifically state the elements for which there is no evidence. *Id.*; *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact. *See* Tex. R. Civ. P. 166a(i) & cmt.; *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008).

When reviewing a no-evidence summary judgment, we examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006). We review a no-evidence summary judgment for evidence that would enable reasonable and fair-minded jurors to differ in their conclusions. *Hamilton*, 249 S.W.3d at 426 (citing *City of Keller*, 168 S.W.3d at 822). We credit evidence favorable to the nonmovant if reasonable jurors could, and we disregard evidence contrary to the nonmovant unless reasonable jurors could not. *Timpte Indus.*, 286 S.W.3d at 310 (quoting *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006)). If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no-evidence summary judgment is not proper. *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009).

6

IV.  Deed Construction

In the Winegars' fourth, fifth, and sixth issues, they argue that the trial court erred by declaring that the deed from Alvie to the Martins and Angela reserved an undivided 1/9 royalty interest because it unambiguously reserved a 1/3 royalty interest and because, alternatively, the reservation language in the deed is ambiguous, making summary judgment improper.

A.  General Rules of Deed Construction

The primary duty of the court in interpreting what estate a deed conveys is to ascertain the intent of the parties.  *Alford v. Krum*, 671 S.W.2d 870, 872 (Tex. 1984), *overruled on other grounds by Luckel v. White*, 819 S.W.2d 459 (Tex. 1991).  We look to the intent that is expressed by the instrument, not the intent that the parties may have had but failed to express in the instrument. *Alford*, 671 S.W.2d at 872; *Pierson v. Sanger*, 93 Tex. 160, 163, 53 S.W. 1012, 1013 (1899).

In seeking to ascertain the intention of the parties, the court must attempt to harmonize all parts of a deed because the parties to an instrument intend every clause to have some effect.  *Woods v. Sims*, 154 Tex. 59, 64, 273 S.W.2d 617, 620 (1954); *see Plainsman Trading Co. v. Crews*, 898 S.W.2d 786, 789 (Tex. 1995).  In determining the legal effect of a deed, whether as to grant, exception, reservation, consideration, or other feature, the inquiry is

not to be determined alone from a single word, clause, or part but from every word, clause, and part that is pertinent. *Zephyr Oil Co. v. Cunningham*, 265 S.W.2d 169, 174 (Tex. Civ. App.—Fort Worth 1954, writ ref'd n.r.e.).

The question of ambiguity in a deed is a question of law. *Cherokee Water Co. v. Freeman*, 33 S.W.3d 349, 353 (Tex. App.—Texarkana 2000, no pet.) (citing *Reilly v. Rangers Mgmt., Inc.*, 727 S.W.2d 527, 529 (Tex. 1987)). An instrument is not ambiguous if it can be given a definite or certain meaning as a matter of law. *Coker v. Coker*, 650 S.W.2d 391, 394 (Tex. 1983). If, however, a deed is subject to two or more reasonable interpretations, it is ambiguous. *See Columbia Gas Transmission Corp. v. New Ulm Gas, Ltd.*, 940 S.W.2d 587, 589 (Tex. 1996). An ambiguity does not arise simply because the parties advance conflicting interpretations; instead, both interpretations must be reasonable. *Lopez v. Munoz, Hockema & Reed, L.L.P.*, 22 S.W.3d 857, 861 (Tex. 2000).

If the language in a deed is ambiguous, a fact question exists for the jury to resolve, making summary judgment improper. *Corine, Inc. v. Harris*, 252 S.W.3d 657, 659 (Tex. App.—Texarkana 2008, no pet.) (citing *J. Hiram Moore, Ltd. v. Greer*, 172 S.W.3d 609, 614 (Tex. 2005)). If a court finds the language in a deed to be unambiguous, the court may construe the deed as a

matter of law. *Id.* (citing *Westwind Exploration, Inc. v. Homestate Sav. Ass'n*, 696 S.W.2d 378, 381 (Tex. 1985)).

### B. Legal Distinction Between Reservations from Land "Conveyed" and Land "Described"

Specific rules of construction apply to cases in which a grantor owns an undivided mineral interest and reserves a fraction of that interest. *See Averyt v. Grande, Inc.*, 717 S.W.2d 891, 893 (Tex. 1986). Courts have drawn a distinction between reservations from the land "conveyed" and reservations from the land "described." *See Middleton v. Broussard*, 504 S.W.2d 839, 842 (Tex. 1974). If the deed reserves a fraction of the minerals under the land *conveyed*, then the deed reserves a fraction of the part of the mineral interest actually owned by the grantor and conveyed by the deed. *Averyt*, 717 S.W.2d at 893; *Hooks v. Neill*, 21 S.W.2d 532, 538 (Tex. Civ. App.—Galveston 1929, writ ref'd). In *Hooks*, the grantor owned and conveyed all of his undivided 1/2 interest in a tract of land. 21 S.W.2d at 538. The grantor reserved a 1/32 interest in oil under the "said land and premises herein described *and conveyed*." *Id*. The court focused on the words "and conveyed" and held that the deed unambiguously reserved 1/32 of the 1/2 minerals that the grantor conveyed, or a 1/64 mineral interest. *Id.*

9

On the other hand, when the deed reserves a fraction of the minerals under the land *described*, then the deed reserves a fraction of the minerals under the entire tract of land, regardless of the part of the mineral estate actually conveyed. *Averyt*, 717 S.W.2d at 893; *King v. First Nat'l Bank of Wichita Falls*, 144 Tex. 583, 586, 192 S.W.2d 260, 262 (1946). In *King*, the deed conveyed a 1/2 interest "in and to the following described land" and reserved "from the 'hereinabove described land' an undivided one-eighth of the 'usual and customary one-eighth royalty reserved by the landowner.'" 144 Tex. at 586, 192 S.W.2d at 262. The court focused on the words "described land" and held that the grantor reserved an undivided 1/8 "of the royalty from the entire land," rather than 1/8 of the grantor's undivided 1/2 interest that he conveyed. *Id.* at 586–87, 192 S.W.2d at 262–63.

The rules from *Hooks* and *King* have been consistently applied by the Texas Supreme Court and our sister courts. *Compare Averyt*, 717 S.W.2d at 894 (holding that reservation of royalty from minerals "that may be produced from all of the described land" reserved royalty from minerals produced from whole of tracts described in deed), *and Middleton*, 504 S.W.2d at 841, 843 (holding that a conveyance of 1/64 royalty interest in minerals under "all of the above described land and premises" operated to convey 1/64 royalty interest from all lands described, not just the fractional interest conveyed), *with Clack*

10

*v. Garcia*, 323 S.W.2d 468, 468–69 (Tex. Civ. App.—San Antonio 1959, no writ) (holding that reservation of undivided 1/16 interest in minerals under and that may be produced from "the interest of said grantors in said land" was reservation of 1/16 of grantor's interest, or 1/256 mineral interest), *and Dowda v. Hayman*, 221 S.W.2d 1016, 1018 (Tex. Civ. App.—Fort Worth 1949, writ ref'd) (holding that reservation of 1/2 of all the minerals "on and under the land and premises herein conveyed" reserved 1/2 of the grantor's mineral interest in the land being conveyed).

### C. Deed Reserved One-Ninth Royalty Interest

Here, the deed provides, "*Out of the undivided mineral interest conveyed,* Grantor reserves . . . an undivided ONE-THIRD (1/3) of royalty ("non-participating royalty interest") . . . ." [Emphasis added.] This reservation is similar to that in *Hooks*; it reserved a fraction (1/3) of royalty interest out of the mineral interest *conveyed*. *See Clack*, 323 S.W.2d at 468–69; *Dowda*, 221 S.W.2d at 1018; *Hooks*, 21 S.W.2d at 538. The deed conveyed a 1/3 mineral interest, which included a 1/3 royalty interest. The deed reserved to Alvie 1/3 of royalty out of the 1/3 mineral interest conveyed, or a 1/9 royalty interest.

The Winegars attempt to distinguish the reservation in this case from that in *Hooks*, *Clack*, and *Dowda*. They argue that in those cases, the grantor

11

conveyed a mineral interest and then reserved a percentage of the *mineral* interest conveyed, whereas here, Alvie conveyed his mineral interest and then reserved a *royalty* interest out of the mineral interest conveyed. In other words, Alvie conveyed all of his 1/3 interest in the minerals—including the rights to develop, to lease, to receive bonus payments, to receive delay rentals, to receive royalty payments (the bundle of sticks)—and then reserved one of those sticks out of the bundle (i.e. royalty interest). *See Luckel*, 819 S.W.2d at 463 ("A royalty interest is an interest in land that is a part of the total mineral estate."); *Altman v. Blake*, 712 S.W.2d 117, 118 (Tex. 1986) (stating the five essential attributes of mineral estates are the rights to develop (right of ingress and egress), to lease (executive right), to receive bonus payments, to receive delay rentals, and to receive royalty payments). This distinction does not change our holding. The deed carved an undivided 1/3 of royalty "out of the undivided [1/3] mineral interest conveyed." In other words, Alvie reserved a fraction—1/3—out of the entire 1/3 interest in royalty that he owned. *See Clack*, 323 S.W.2d at 468–69; *Dowda*, 221 S.W.2d at 1018; *Hooks*, 21 S.W.2d at 538.

Taking as true all evidence favorable to the Winegars as the nonmovants and indulging every reasonable inference and resolving any doubts in their favor, we hold that the Martins met their summary judgment burden by

12

establishing that no genuine issue of material fact exists and that they are entitled to judgment as a matter of law that the deed unambiguously reserved an undivided 1/9 nonparticipating royalty interest. *See* Tex. R. Civ. P. 166a(c); *Mann Frankfort*, 289 S.W.3d at 848; *Parker*, 249 S.W.3d at 399; *Sw. Elec. Power Co.*, 73 S.W.3d at 215. We overrule the Winegars' fourth, fifth, and sixth issues.

## V. No Mutual Mistake

In the Winegars' seventh issue, they argue that the trial court erred by granting the Martins' no-evidence summary judgment because the Winegars presented some evidence on the issue of mutual mistake.[4]

Under the doctrine of mutual mistake, when parties to an agreement have contracted under a misconception or ignorance of a material fact, the agreement will be avoided. *Williams v. Glash*, 789 S.W.2d 261, 264 (Tex. 1990). When a party alleges that, by reason of mutual mistake, an agreement does not express the real intentions of the parties, extrinsic evidence is

---

[...]

[4]The Winegars also argue in their seventh issue that a fact issue exists regarding their "counter-defense" of quasi-estoppel. They pleaded quasi-estoppel to avoid the Martins' limitations defense, and because we uphold the trial court's summary judgment on grounds other than limitations, we need not address this issue. *See* Tex. R. App. P. 47.1; *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003); *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995).

13

admissible to show the real agreement. *See Johnson v. Conner*, 260 S.W.3d 575, 581 (Tex. App.—Tyler 2008, no pet.). When a party seeks reformation due to mutual mistake, the party must show what the parties' true agreement was and that the instrument incorrectly reflects that agreement due to a mutual mistake. *See id.* (citing *Estes v. Republic Nat'l Bank of Dallas*, 462 S.W.2d 273, 275 (Tex. 1970)).

To prove a mutual mistake, the evidence must show that both parties were acting under the same misunderstanding of the same material fact. *Walden v. Affiliated Computer Servs., Inc.*, 97 S.W.3d 303, 326 (Tex. App.—Houston [14th Dist.] 2003, pet. denied); *see also City of The Colony v. N. Tex. Mun. Water Dist.*, 272 S.W.3d 699, 735 (Tex. App.—Fort Worth 2008, pet. filed) (holding appellant produced no evidence to support mutual mistake element requiring that both parties be mistaken about a common intention).

Here, the Winegars argue that the Martins "judicially admitted that there was a mistake" when they stated in their motion for summary judgment, "The Martins did not understand that [Alvie was] reserving a 1/3 royalty." This statement is not a judicial admission of mutual mistake; if anything, it shows that the parties had *opposite* understandings of the deed's effect—the Martins did not know Alvie thought he was reserving a 1/3 royalty interest while Alvie thought he was reserving a 1/3 royalty interest. *See Walden*, 97 S.W.3d at

14

326; *Johnson*, 260 S.W.3d at 581–82. Likewise, no evidence exists that the Martins knew of Alvie's purported misunderstanding that he thought he was reserving a 1/3 royalty interest. *See Seymour v. Am. Engine & Grinding Co.*, 956 S.W.2d 49, 58 (Tex. App.—Houston [14th Dist.] 1996, writ denied) ("Knowledge by one party that the other is acting under a mistake of fact is equivalent to a mutual mistake.").

The Winegars further assert that the Martins' statement that they did not understand that Alvie was reserving a 1/3 royalty interest directly conflicts with an email exchange between David Martin and Mark Kalpakis, an attorney who was David Martin's neighbor. In the email exchange, David Martin requested that Kalpakis provide "language for the title company that would allow me to retain the executive rights and provide *only 1/3 interest in future royalties.*" [Emphasis added.] One could infer from this email that, by using the phrase "provide only 1/3 interest in future royalties," David Martin meant a 1/3 interest in future royalties either out of the mineral interest conveyed or out of the entire mineral interest.[5] Any plausible inference would be a guess; consequently,

[5] ... Furthermore, Kalpakis responded to David Martin's email by providing the reservation language that was later used in the deed from Alvie to the Martins and Angela, reserving a 1/3 royalty interest out of the mineral interest conveyed. We have already explained that this reservation unambiguously reserved a 1/9 royalty interest.

15

"neither fact may be inferred." *See City of Keller*, 168 S.W.3d at 813 (quoting *Tubelite, a Div. of Indal, Inc. v. Risica & Sons, Inc.*, 819 S.W.2d 801, 805 (Tex. 1991)). Considering the record as a whole, we cannot say that David Martin's email to Kalpakis created conflicting evidence of probative value such that reasonable and fair-minded jurors would differ in their conclusion that the Martins believed Alvie was reserving 1/3 of his 1/3 royalty interest, rather than his entire 1/3 royalty interest. *See Hamilton*, 249 S.W.3d at 426 (citing *City of Keller*, 168 S.W.3d at 822); *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983).

Examining the entire record in the light most favorable to the Winegars, as the nonmovants, indulging every reasonable inference and resolving any doubts against the Martins' motion, we hold that the Winegars have not produced a scintilla of probative evidence raising a genuine issue of material fact on mutual mistake. *See Smith*, 288 S.W.3d at 424; *Sudan*, 199 S.W.3d at 292. We overrule the Winegars' seventh issue.

## VI. CONCLUSION

The Winegars' remaining three issues dispute whether the trial court granted the Martins' summary judgment motion at least in part on limitations. Having overruled the Winegars' fourth through seventh issues and having held that the trial court did not err by granting summary judgment in favor of the

16

Martins and by judicially declaring that the deed reserved an undivided 1/9 nonparticipating royalty interest, we need not address the Winegars' remaining issues. *See* Tex. R. App. P. 47.1; *Provident Life & Accident Ins. Co.*, 128 S.W.3d at 216; *Star-Telegram*, 915 S.W.2d at 473. We affirm the trial court's judgment.

SUE WALKER
JUSTICE

PANEL: DAUPHINOT, GARDNER, and WALKER, JJ.

DELIVERED: January 21, 2010