COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-09-019-CV

 

 

ALVIE MAX WINEGAR                                                       APPELLANTS

AND ALICE WINEGAR

                                                   V.

 

NOEL DAVID MARTIN,                                                          APPELLEES

ROBERTA SUE MARTIN, 

TRAVIS RYAN MARTIN, 

AND ANGELA R. MARTIN

 

                                              ------------

 

              FROM
THE 355TH DISTRICT COURT OF HOOD COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

I.
Introduction








The
primary issue in this appeal is whether a royalty reservation in a deed
reserved the grantor=s entire 1/3 royalty interest or
only a 1/3 of his 1/3 royalty interest, or a 1/9 royalty interest.  The trial court granted summary judgment in
favor of Appellees Noel David Martin, Roberta Sue Martin, and Travis Ryan
Martin (the Martins)[1]
and against Appellants Alvie Max Winegar and Alice Winegar, judicially
declaring that Appellants own an undivided 1/9 (1/3 of the grantor=s 1/3)
nonparticipating royalty interest.  In
seven issues, the Winegars appeal the trial court=s
summary judgment in favor of the Martins. 
We will affirm.

II. Factual
Background

Alvie
Winegar, Noel David Martin, and Travis Martin purchased 107.123 acres of property
in Hood County as 1/3 cotenants.  The
purchase included the surface estate and 100% of the mineral estate.  In 2003, Alvie agreed to sell his 1/3
interest in the land to the Martins and Angela and reserve to himself a
nonparticipating royalty interest. 

The
first paragraph of the deed from Alvie to the Martins and Angela conveyed to
the Martins and Angela Aall of Grantor=s
undivided ONE-THIRD (1/3) interest on the real property more particularly
described in Exhibit >A=
attached hereto.@ 
The second paragraph provides in part, 








Included in this Deed and conveyed from Grantor to Grantee is the
right to receive all royalty (except as limited by the reservation below),
bonus, delay rentals, and the right to enter into or make oil, gas, and/or
mineral leases.  Out of the undivided
mineral interest conveyed, Grantor reserves to himself, and his heirs,
successors, personal representatives, and assigns, an undivided ONE-THIRD (1/3)
of royalty (Anon-participating royalty
interest@), which reserved
non-participating royalty interest shall only be payable out of oil, gas, or
other minerals that may be produced from the Lands.  By this reservation, Grantor shall not
participate in the making of any leases on the undivided mineral interest
conveyed to Grantee, or be entitled to receive or own any bonus or delay
rentals for the granting of any lease on the Lands by Grantee.

 

In April
2004, the Martins and Angela executed a mineral lease with Quicksilver
Resources, covering the entire 107.023-acre property.  In December 2007, Quicksilver sent Alvie a
division order showing that he owned a 1/9 royalty interest in the property.[2]  








The
Winegars filed suit against the Martins and Angela in February 2008, seeking a
declaration that they own a 1/3, rather than a 1/9, royalty interest,
reformation of the deed based on mutual mistake, and economic damages.  The Martins filed a counterclaim seeking a
declaration that the Winegars own a 1/9 royalty interest.  The Winegars and the Martins filed cross-motions
for summary judgment on their requests for declaratory judgment.  The Martins also moved for summary judgment
on statute of limitations grounds and moved for no-evidence summary judgment on
the Winegars= remaining claims.[3]  After a hearing, the trial court entered a
final judgment granting the Martins= motions
for traditional and no-evidence summary judgment and denying the Winegars= motion
for partial summary judgment.  In its
order, the trial court judicially declared that the deed from Alvie to the
Martins and Angela reserved to Alvie Aan
undivided 1/9th (1/3rd of [Alvie=s]
1/3rd) nonparticipating royalty interest.@  The trial court denied all other relief
requested.   The Winegars filed this
appeal.

III. Standards
of Review

A. 
Traditional Summary Judgment

In a
summary judgment case, the issue on appeal is whether the movant met the
summary judgment burden by establishing that no genuine issue of material fact
exists and that the movant is entitled to judgment as a matter of law.  Tex. R. Civ. P. 166a(c); Mann Frankfort
Stein & Lipp Advisors, Inc. v. Fielding, 289 S.W.3d 844, 848 (Tex.
2009).  We review a summary judgment de
novo.  Mann Frankfort, 289 S.W.3d
at 848.








We take
as true all evidence favorable to the nonmovant, and we indulge every
reasonable inference and resolve any doubts in the nonmovant=s
favor.  20801, Inc. v. Parker, 249
S.W.3d 392, 399 (Tex. 2008); Sw. Elec. Power Co. v. Grant, 73 S.W.3d
211, 215 (Tex. 2002).  We consider the
evidence presented in the light most favorable to the nonmovant, crediting
evidence favorable to the nonmovant if reasonable jurors could and disregarding
evidence contrary to the nonmovant unless reasonable jurors could not.  Mann Frankfort, 289 S.W.3d at
848.  We must consider whether reasonable
and fair-minded jurors could differ in their conclusions in light of all of the
evidence presented.  See Wal-Mart
Stores, Inc. v. Spates, 186 S.W.3d 566, 568 (Tex. 2006); City of Keller
v. Wilson, 168 S.W.3d 802, 822B24 (Tex.
2005).

The
summary judgment will be affirmed only if the record establishes that the
movant has conclusively proved all essential elements of the movant=s cause
of action or defense as a matter of law. 
City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678
(Tex. 1979).

When
both parties move for summary judgment and the trial court grants one motion
and denies the other, the reviewing court should review both parties= summary
judgment evidence and determine all questions presented. Mann Frankfort,
289 S.W.3d at 848.  The reviewing court
should render the judgment that the trial court should have rendered.  Id.

B. 
No-Evidence Summary Judgment








After an
adequate time for discovery, the party without the burden of proof may, without
presenting evidence, move for summary judgment on the ground that there is no
evidence to support an essential element of the nonmovant=s claim
or defense.  Tex. R. Civ. P.
166a(i).  The motion must specifically
state the elements for which there is no evidence.  Id.; Timpte Indus., Inc. v. Gish,
286 S.W.3d 306, 310 (Tex. 2009).  The
trial court must grant the motion unless the nonmovant produces summary
judgment evidence that raises a genuine issue of material fact.  See Tex. R. Civ. P. 166a(i) &
cmt.; Hamilton v. Wilson, 249 S.W.3d 425, 426 (Tex. 2008).

When
reviewing a no-evidence summary judgment, we examine the entire record in the
light most favorable to the nonmovant, indulging every reasonable inference and
resolving any doubts against the motion. 
Sudan v. Sudan, 199 S.W.3d 291, 292 (Tex. 2006).  We review a no‑evidence summary
judgment for evidence that would enable reasonable and fair‑minded jurors
to differ in their conclusions.  Hamilton,
249 S.W.3d at 426 (citing City of Keller, 168 S.W.3d at 822).  We credit evidence favorable to the nonmovant
if reasonable jurors could, and we disregard evidence contrary to the nonmovant
unless reasonable jurors could not.  Timpte
Indus., 286 S.W.3d at 310 (quoting Mack Trucks, Inc. v. Tamez, 206
S.W.3d 572, 582 (Tex. 2006)).  If the
nonmovant brings forward more than a scintilla of probative evidence that
raises a genuine issue of material fact, then a no-evidence summary judgment is
not proper.  Smith v. O=Donnell, 288
S.W.3d 417, 424 (Tex. 2009).








IV.  Deed Construction

In the
Winegars= fourth,
fifth, and sixth issues, they argue that the trial court erred by declaring
that the deed from Alvie to the Martins and Angela reserved an undivided 1/9
royalty interest because it unambiguously reserved a 1/3 royalty interest and
because, alternatively, the reservation language in the deed is ambiguous,
making summary judgment improper.

A.  General
Rules of Deed Construction

The
primary duty of the court in interpreting what estate a deed conveys is to
ascertain the intent of the parties.  Alford
v. Krum, 671 S.W.2d 870, 872 (Tex. 1984), overruled on other grounds by
Luckel v. White, 819 S.W.2d 459 (Tex. 1991).  We look to the intent that is expressed by
the instrument, not the intent that the parties may have had but failed to
express in the instrument.  Alford,
671 S.W.2d at 872; Pierson v. Sanger, 93 Tex. 160, 163, 53 S.W. 1012,
1013 (1899).








In seeking
to ascertain the intention of the parties, the court must attempt to harmonize
all parts of a deed because the parties to an instrument intend every clause to
have some effect.  Woods v. Sims,
154 Tex. 59, 64, 273 S.W.2d 617, 620 (1954); see Plainsman Trading Co. v.
Crews, 898 S.W.2d 786, 789 (Tex. 1995). 
In determining the legal effect of a deed, whether as to grant,
exception, reservation, consideration, or other feature, the inquiry is not to
be determined alone from a single word, clause, or part but from every word,
clause, and part that is pertinent.  Zephyr
Oil Co. v. Cunningham, 265 S.W.2d 169, 174 (Tex. Civ. App.CFort
Worth 1954, writ ref=d n.r.e.).

The
question of ambiguity in a deed is a question of law.  Cherokee Water Co. v. Freeman, 33
S.W.3d 349, 353 (Tex. App.CTexarkana
2000, no pet.) (citing Reilly v. Rangers Mgmt., Inc., 727 S.W.2d 527,
529 (Tex. 1987)).  An instrument is not
ambiguous if it can be given a definite or certain meaning as a matter of
law.  Coker v. Coker, 650 S.W.2d
391, 394 (Tex. 1983).  If, however, a
deed is subject to two or more reasonable interpretations, it is
ambiguous.  See Columbia Gas
Transmission Corp. v. New Ulm Gas, Ltd., 940 S.W.2d 587, 589 (Tex.
1996).  An ambiguity does not arise
simply because the parties advance conflicting interpretations; instead, both
interpretations must be reasonable.  Lopez
v. Munoz, Hockema & Reed, L.L.P., 22 S.W.3d 857, 861 (Tex. 2000).








If the
language in a deed is ambiguous, a fact question exists for the jury to
resolve, making summary judgment improper. 
Corine, Inc. v. Harris, 252 S.W.3d 657, 659 (Tex. App.CTexarkana
2008, no pet.) (citing J. Hiram Moore, Ltd. v. Greer, 172 S.W.3d 609,
614 (Tex. 2005)).  If a court finds the
language in a deed to be unambiguous, the court may construe the deed as a
matter of law.  Id. (citing Westwind
Exploration, Inc. v. Homestate Sav. Ass=n, 696
S.W.2d 378, 381 (Tex. 1985)).

B.  Legal Distinction Between Reservations

from Land AConveyed@ and Land ADescribed@

 

Specific
rules of construction apply to cases in which a grantor owns an undivided
mineral interest and reserves a fraction of that interest.  See Averyt v. Grande, Inc., 717
S.W.2d 891, 893 (Tex. 1986).  Courts have
drawn a distinction between reservations from the land Aconveyed@ and
reservations from the land Adescribed.@  See Middleton v. Broussard, 504 S.W.2d
839, 842 (Tex. 1974).  If the deed
reserves a fraction of the minerals under the land conveyed, then the
deed reserves a fraction of the part of the mineral interest actually owned by
the grantor and conveyed by the deed.  Averyt,
717 S.W.2d at 893; Hooks v. Neill, 21 S.W.2d 532, 538 (Tex. Civ. App.CGalveston
1929, writ ref=d).  In Hooks, the grantor owned and
conveyed all of his undivided 1/2 interest in a tract of land.  21 S.W.2d at 538. The grantor reserved a 1/32
interest in oil under the Asaid
land and premises herein described and conveyed.@  Id. 
The court focused on the words Aand
conveyed@ and
held that the deed unambiguously reserved 1/32 of the 1/2 minerals that the
grantor conveyed, or a 1/64 mineral interest. 
Id.








On the
other hand, when the deed reserves a fraction of the minerals under the land described,
then the deed reserves a fraction of the minerals under the entire tract of
land, regardless of the part of the mineral estate actually conveyed.  Averyt, 717 S.W.2d at 893; King v.
First Nat=l Bank of Wichita Falls, 144
Tex. 583, 586, 192 S.W.2d 260, 262 (1946). 
In King, the deed conveyed a 1/2 interest Ain and
to the following described land@ and
reserved Afrom the >hereinabove
described land= an undivided one‑eighth
of the >usual
and customary one‑eighth royalty reserved by the landowner.=@ 144
Tex. at 586, 192 S.W.2d at 262.  The
court focused on the words Adescribed
land@ and
held that the grantor reserved an undivided 1/8 Aof the
royalty from the entire land,@ rather
than 1/8 of the grantor=s undivided 1/2 interest that he
conveyed.  Id. at 586B87, 192
S.W.2d at 262B63.








The
rules from Hooks and King have been consistently applied by the
Texas Supreme Court and our sister courts. 
Compare Averyt, 717 S.W.2d at 894 (holding that reservation of
royalty from minerals Athat may be produced from all of
the described land@ reserved royalty from minerals
produced from whole of tracts described in deed), and Middleton, 504
S.W.2d at 841, 843 (holding that a conveyance of 1/64 royalty interest in
minerals under Aall of the above described land
and premises@ operated to convey 1/64 royalty
interest from all lands described, not just the fractional interest conveyed), with
Clack v. Garcia, 323 S.W.2d 468, 468B69 (Tex.
Civ. App.CSan Antonio 1959, no writ)
(holding that reservation of undivided 1/16 interest in minerals under and that
may be produced from Athe interest of said grantors in
said land@ was reservation of 1/16 of
grantor=s
interest, or 1/256 mineral interest), and Dowda v. Hayman,
221 S.W.2d 1016, 1018 (Tex. Civ. App.CFort
Worth 1949, writ ref=d) (holding that reservation of
1/2 of all the minerals Aon and under the land and
premises herein conveyed@ reserved 1/2 of the grantor=s
mineral interest in the land being conveyed).

C.  Deed
Reserved One-Ninth Royalty Interest

Here,
the deed provides, AOut of the undivided mineral
interest conveyed, Grantor reserves . . . an undivided ONE‑THIRD
(1/3) of royalty (Anon‑participating royalty
interest@) . . .
.@  [Emphasis added.]  This reservation is similar to that in Hooks;
it reserved a fraction (1/3) of royalty interest out of the mineral interest conveyed.  See Clack, 323 S.W.2d at 468B69; Dowda,
221 S.W.2d at 1018; Hooks, 21 S.W.2d at 538.  The deed conveyed a 1/3 mineral interest,
which included a 1/3 royalty interest. 
The deed reserved to Alvie 1/3 of royalty out of the 1/3 mineral
interest conveyed, or a 1/9 royalty interest.








The
Winegars attempt to distinguish the reservation in this case from that in Hooks,
Clack, and Dowda.  They
argue that in those cases, the grantor conveyed a mineral interest and then
reserved a percentage of the mineral interest conveyed, whereas here,
Alvie conveyed his mineral interest and then reserved a royalty interest
out of the mineral interest conveyed.  In
other words, Alvie conveyed all of his 1/3 interest in the mineralsCincluding
the rights to develop, to lease, to receive bonus payments, to receive delay
rentals, to receive royalty payments (the bundle of sticks)Cand then
reserved one of those sticks out of the bundle (i.e. royalty interest).  See Luckel, 819 S.W.2d at 463 (AA
royalty interest is an interest in land that is a part of the total mineral
estate.@);  Altman v. Blake, 712 S.W.2d 117, 118
(Tex. 1986) (stating the five essential attributes of mineral estates are the
rights to develop (right of ingress and egress), to lease (executive right), to
receive bonus payments, to receive delay rentals, and to receive royalty
payments).  This distinction does not
change our holding. The deed carved an undivided 1/3 of royalty Aout of
the undivided [1/3] mineral interest conveyed.@  In other words, Alvie reserved a fractionC1/3Cout of
the entire 1/3 interest in royalty that he owned.  See Clack, 323 S.W.2d at 468B69; Dowda,
221 S.W.2d at 1018; Hooks, 21 S.W.2d at 538.








Taking
as true all evidence favorable to the Winegars as the nonmovants and indulging
every reasonable inference and resolving any doubts in their favor, we hold
that the Martins met their summary judgment burden by establishing that no
genuine issue of material fact exists and that they are entitled to judgment as
a matter of law that the deed unambiguously reserved an undivided 1/9
nonparticipating royalty interest.  See
Tex. R. Civ. P. 166a(c); Mann Frankfort, 289 S.W.3d at 848; Parker,
249 S.W.3d at 399; Sw. Elec. Power Co., 73 S.W.3d at 215.  We overrule the Winegars= fourth,
fifth, and sixth issues.

V.  No
Mutual Mistake

In the
Winegars= seventh
issue, they argue that the trial court erred by granting the Martins=
no-evidence summary judgment because the Winegars presented some evidence on
the issue of mutual mistake.[4]








Under
the doctrine of mutual mistake, when parties to an agreement have contracted
under a misconception or ignorance of a material fact, the agreement will be
avoided.  Williams v. Glash, 789
S.W.2d 261, 264 (Tex. 1990).  When a
party alleges that, by reason of mutual mistake, an agreement does not express
the real intentions of the parties, extrinsic evidence is admissible to show
the real agreement.  See Johnson v.
Conner, 260 S.W.3d 575, 581 (Tex. App.CTyler
2008, no pet.).  When a party seeks
reformation due to mutual mistake, the party must show what the parties= true
agreement was and that the instrument incorrectly reflects that agreement due
to a mutual mistake.  See id. (citing
Estes v. Republic Nat=l Bank
of Dallas, 462 S.W.2d 273, 275 (Tex. 1970)).

To prove
a mutual mistake, the evidence must show that both parties were acting under
the same misunderstanding of the same material fact. Walden v. Affiliated
Computer Servs., Inc., 97 S.W.3d 303, 326 (Tex. App.CHouston
[14th Dist.] 2003, pet. denied); see also City of The Colony v. N. Tex. Mun.
Water Dist., 272 S.W.3d 699, 735 (Tex. App.CFort
Worth 2008, pet. filed) (holding appellant produced no evidence to support
mutual mistake element requiring that both parties be mistaken about a common
intention).








Here,
the Winegars argue that the Martins Ajudicially
admitted that there was a mistake@ when
they stated in their motion for summary judgment, AThe
Martins did not understand that [Alvie was] reserving a 1/3 royalty.@  This statement is not a judicial admission of
mutual mistake; if anything, it shows that the parties had opposite
understandings of the deed=s effectCthe
Martins did not know Alvie thought he was reserving a 1/3 royalty interest while
Alvie thought he was reserving a 1/3 royalty interest.  See Walden, 97 S.W.3d at 326; Johnson,
260 S.W.3d at 581B82.  Likewise, no evidence exists that the Martins
knew of Alvie=s purported misunderstanding
that he thought he was reserving a 1/3 royalty interest.  See Seymour v. Am. Engine & Grinding
Co., 956 S.W.2d 49, 58 (Tex. App.CHouston
[14th Dist.] 1996, writ denied) (AKnowledge
by one party that the other is acting under a mistake of fact is equivalent to
a mutual mistake.@). 








The
Winegars further assert that the Martins=
statement that they did not understand that Alvie was reserving a 1/3 royalty
interest directly conflicts with an email exchange between David Martin and
Mark Kalpakis, an attorney who was David Martin=s
neighbor.  In the email exchange, David
Martin requested that Kalpakis provide Alanguage
for the title company that would allow me to retain the executive rights and
provide only 1/3 interest in future royalties.@  [Emphasis added.]  One could infer from this email that, by
using the phrase Aprovide only 1/3 interest in
future royalties,@ David Martin meant a 1/3
interest in future royalties either out of the mineral interest conveyed or out
of the entire mineral interest.[5]  Any plausible inference would be a guess;
consequently, Aneither fact may be inferred.@  See City of Keller, 168 S.W.3d at 813
(quoting Tubelite, a Div. of Indal, Inc. v. Risica & Sons, Inc., 819
S.W.2d 801, 805 (Tex. 1991)). 
Considering the record as a whole, we cannot say that David Martin=s email
to Kalpakis created conflicting evidence of probative value such that
reasonable and fair‑minded jurors would differ in their conclusion that
the Martins believed Alvie was reserving 1/3 of his 1/3 royalty interest,
rather than his entire 1/3 royalty interest. 
See Hamilton, 249 S.W.3d at 426 (citing City of Keller,
168 S.W.3d at 822); Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63
(Tex. 1983).

Examining
the entire record in the light most favorable to the Winegars, as the
nonmovants, indulging every reasonable inference and resolving any doubts
against the Martins= motion, we hold that the
Winegars have not produced a scintilla of probative evidence raising a genuine
issue of material fact on mutual mistake. 
See Smith, 288 S.W.3d at 424; Sudan, 199 S.W.3d at
292.  We overrule the Winegars= seventh
issue.

VI. Conclusion








The
Winegars=
remaining three issues dispute whether the trial court granted the Martins= summary
judgment motion at least in part on limitations. Having overruled the Winegars= fourth
through seventh issues and having held that the trial court did not err by
granting summary judgment in favor of the Martins and by judicially declaring
that the deed reserved an undivided 1/9 nonparticipating royalty interest, we
need not address the Winegars=
remaining issues.  See Tex. R.
App. P. 47.1; Provident Life & Accident Ins. Co., 128 S.W.3d at 216;
Star‑Telegram, 915 S.W.2d at 473. 
We affirm the trial court=s
judgment. 

 

SUE WALKER

JUSTICE

 

PANEL: DAUPHINOT, GARDNER, and WALKER, JJ.

 

DELIVERED: January 21, 2010











[1]Appellee Angela R. Martin
was married to Travis Ryan Martin, but they divorced before this suit was
filed.  Angela did not contest the relief
sought by the Winegars at trial, she did not join in the Martins= motions for summary
judgment, and she has not filed a brief in this appeal.





[2]Earlier that year, Alvie
had conveyed 1/2 of his royalty interest to his wife, Alice.  Thus, any royalty interest reserved to Alvie
is now owned by him and Alice.





[3]The Winegars later filed
a supplemental petition pleading the discovery rule and quasi-estoppel to avoid
the Martins= statute of limitations
defense.





[4]The Winegars also argue
in their seventh issue that a fact issue exists regarding their Acounter-defense@ of quasi-estoppel.  They pleaded quasi-estoppel to avoid the
Martins= limitations defense, and
because we uphold the trial court=s summary judgment on grounds other than
limitations, we need not address this issue.  See Tex. R. App. P. 47.1; Provident
Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 216 (Tex. 2003); Star‑Telegram,
Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 1995).





[5]Furthermore, Kalpakis
responded to David Martin=s email by providing the
reservation language that was later used in the deed from Alvie to the Martins
and Angela, reserving a 1/3 royalty interest out of the mineral interest
conveyed.  We have already explained that
this reservation unambiguously reserved a 1/9 royalty interest.