

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-22-00471-CV

_____

SIDNEY ELAINE CALVERT RYAN, Appellant

V.

PHILLIP RAY RYAN SR., Appellee

On Appeal from County Court at Law No. 2
Wise County, Texas
Trial Court No. CV21-07-507

Before Kerr, Bassel, and Wallach, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

Sidney Elaine Calvert Ryan (Wife) appeals from the trial court's final divorce decree. In three issues, she complains that the trial court abused its discretion by confirming that 21 acres and a house were the separate property of her husband, Appellee Phillip Ray Ryan Sr. (Husband). We will affirm.

## I. Background

Over a decade before Husband and Wife married, Husband purchased a brick home on 23 acres. By August 2005, Husband had paid off the mortgage on the property. In May 2006, Husband sold two of those acres, along with a mobile home on that tract. The two-acre tract's street address is 2455 CR 2224. The 21-acre tract's street address is 2403 CR 2224.

Husband and Wife married in July 2007, and they lived together in the house on the 21-acre tract. Several years later, they repurchased the two-acre tract and mobile home. By June 2019, they had paid off the mortgage on the two-acre tract.

Husband sued for divorce in July 2021. Wife asked the trial court to declare the 21 acres and the house as her separate property based on a quitclaim deed that Husband had drafted and signed several months before filing for divorce. The quitclaim deed conveyed Husband's rights "to the following real estate property located at 2403 CR 2224"—the 21-acre tract's street address—but it described the property as follows: "2.0 acres, Abst: A-490 J Levins, Label: TEX0550597/98, Make: MH Manufacturing Inc. Serial: CW2001237TXA/B, Model: Southern Star, Model:

28X56, YR: 1995." At trial, Wife argued that the quitclaim deed gave the 21 acres and house to her. Husband argued that the quitclaim deed referred to the two acres and the mobile home.

Wife testified that Husband had offered the quitclaim deed to her to procure the proceeds that she had received from the sale of her separate real property. Husband testified that the quitclaim deed was only for the two acres with the mobile home. He stated that he got the legal description from Wise County's website: "[i]t's got a lot number, two acres—J Levins subdivision, and it's got a serial number for a model Southern Star 28 by 56 length and width in 1995." He further testified that the mobile home listed in the quitclaim deed referred to the mobile home on the two acres (as opposed to another mobile home that was on the 21 acres) because of the mobile home's brand (Southern Star) and size (doublewide). Husband explained that when he filled in 2403 CR 2224 as the address of the real-estate interest being transferred, he thought "it was wanting the mailing address." Husband also testified that despite having signed the quitclaim deed, he had not intended to give any property to Wife because he had changed his mind about giving the two acres to her.

After the bench trial ended, the trial court confirmed the two acres and mobile home as Wife's separate property and confirmed the 21 acres as Husband's separate property. Wife timely moved for a new trial, which the trial court denied the same day it issued its findings of fact and conclusions of law. Relevant here, the trial court found that Husband's testimony was "credible when he testified that his only donative

3

intent, when preparing and signing the Quit[claim] Deed . . . was to deed the 2 acres and the manufactured home specifically described therein."

Wife has appealed and raises three issues challenging the trial court's confirmation of the 21 acres as Husband's separate property: (1) the trial court made a legal error by transferring Wife's separate property to Husband because the street address in the quitclaim deed sufficiently described the property being transferred; (2) the trial court abused its discretion by confirming the 21 acres and house as Husband's separate property; and (3) the evidence is legally and factually insufficient to support the trial court's judgment.

## II. Standard of Review

We review a trial court's division of property for an abuse of discretion. *See, e.g.*, *Neyland v. Raymond*, 324 S.W.3d 646, 649 (Tex. App.—Fort Worth 2010, no pet.). A trial court abuses its discretion if it acts arbitrarily or unreasonably or if it does not analyze or apply the law properly. *Iliff v. Iliff*, 339 S.W.3d 74, 78 (Tex. 2011). Although a trial court does not abuse its discretion by deciding based on conflicting evidence, sufficient evidence must nevertheless support the decision; therefore, the traditional sufficiency-review standards are relevant to our review. *Hamilton v. Hamilton*, No. 02-19-00211-CV, 2020 WL 6498528, at *3 (Tex. App.—Fort Worth Nov. 5, 2020, no pet.) (mem. op.); *In re S.C.*, No. 02-17-00377-CV, 2018 WL 5289370, at *3 (Tex. App.—Fort Worth Oct. 25, 2018, no pet.) (mem. op.). Stated another way, when we review if the trial court abused its discretion by ruling based on legally or factually

4

insufficient evidence, "we must determine (1) whether the trial court had sufficient evidence on which to exercise its discretion and (2) whether the trial court acted reasonably in applying its discretion to those facts." *Hamilton*, 2020 WL 6498528, at *3.

When, as here, the trial court files findings of fact and conclusions of law, the fact-findings have the same force and dignity as a jury's answers to jury questions. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991). A trial court's legal conclusions do not bind us, and we review them de novo. *Wise Elec. Coop., Inc. v. Am. Hat Co.*, 476 S.W.3d 671, 679 (Tex. App.—Fort Worth 2015, no pet.). A trial court's fact-findings on disputed issues are not conclusive, and when the appellate record contains a reporter's record, an appellant may challenge those findings for evidentiary sufficiency. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994). We review the sufficiency of the evidence supporting challenged findings using the same standards that we apply to jury findings. *Id.*

All property possessed by either spouse during or upon dissolution of marriage is presumed to be community property. Tex. Fam. Code Ann. § 3.003(a). This presumption can be rebutted by clear and convincing evidence that an asset is a spouse's separate property. *See id.* § 3.003(b); *see also Pearson v. Fillingim*, 332 S.W.3d 361, 363 (Tex. 2011) ("Parties claiming certain property as their separate property have the burden of rebutting the presumption of community property. To do so, they must trace and clearly identify the property in question as separate by clear and

5

convincing evidence." (citation omitted)). Evidence is clear and convincing if it gives the trier of fact a firm belief or conviction that the allegations sought to be established are true. *See* Tex. Fam. Code Ann. § 101.007.

To determine if evidence is legally sufficient under the clear and convincing standard, we look at all the evidence in the light most favorable to the challenged finding to determine whether a reasonable factfinder could form a firm belief or conviction that the finding is true. *In re Commitment of Stoddard*, 619 S.W.3d 665, 674 (Tex. 2020). Similarly, in evaluating whether evidence is factually sufficient under the clear and convincing standard, we determine whether, on the entire record, a factfinder could reasonably form a firm conviction or belief that the challenged finding is true. *In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006).

### III. Applicable Law

As noted, all property possessed by either spouse upon dissolution of marriage is presumed to be community property, and a party can overcome this presumption only by proving by clear and convincing evidence that the disputed property is separate property. Tex. Fam. Code Ann. § 3.003; *see id.* § 3.002 ("Community property consists of the property, other than separate property, acquired by either spouse during marriage."). Separate property includes property a spouse owned before marriage and property a spouse acquired during marriage by gift, devise, or descent. *Id.* § 3.001(1), (2). Whether property is separate or community is determined by its character at inception. *E.g., Barnett v. Barnett*, 67 S.W.3d 107, 111 (Tex. 2001).

6

Here, although the 21-acre tract was presumptively community property, it is undisputed that Husband owned the 21 acres when he married Wife and that it was thus his separate property when they married. The only way the 21 acres could be characterized as Wife's separate property is if Husband gifted it to her. *See* Tex. Fam. Code Ann. §§ 3.001(2), .003. "A deed for property from one spouse as grantor to the other spouse as grantee creates a rebuttable presumption that the grantee spouse received the property as separate property by gift." *In re Marriage of Skarda*, 345 S.W.3d 665, 671 (Tex. App.—Amarillo 2011, no pet.) (citing *Magness v. Magness*, 241 S.W.3d 910, 913 (Tex. App.—Dallas 2007, pet. denied)). This appeal thus hinges on whether the quitclaim deed sufficed to create a presumption that Husband gifted the 21-acre tract to Wife.[1]

In contrast to a warranty deed for land, which actually conveys property, "a quitclaim deed conveys the grantor's rights in that property, if any." *Geodyne Energy Income Prod. P'ship I-E v. Newton Corp.*, 161 S.W.3d 482, 486 (Tex. 2005); *see Jackson v. Wildflower Prod. Co., Inc.*, 505 S.W.3d 80, 88–89 (Tex. App.—Amarillo 2016, pet. denied) (explaining that "the granting clause in a deed purports to grant and convey the described property, whereas the granting clause in a quitclaim deed only purports

---

[1]A gift is a voluntary transfer of property to another made gratuitously and without consideration. *Roberts v. Roberts*, 999 S.W.2d 424, 432 (Tex. App.—El Paso 1999, no pet.). The elements of a gift are (1) the intent to make a gift; (2) delivery of the property; and (3) acceptance of the property. *Id.* Generally, one who is claiming a gift's existence has the burden of proof, but when the conveyance is from one spouse to the other, there is a presumption of a gift. *Id.*

to grant and convey whatever 'right, title, and interest' the grantor has in that property at the time the instrument is executed and delivered"). When construing a deed, the court must "ascertain the true intention of the parties as expressed within the 'four corners' of the instrument." *Cherokee Water Co. v. Freeman*, 33 S.W.3d 349, 353 (Tex. App.—Texarkana 2000, no pet.). "To be valid, a conveyance of real property must contain a sufficient description of the property to be conveyed."[2] *AIC Mgmt.*, 246 S.W.3d at 645; *see Hahn v. Love*, 394 S.W.3d 14, 25 (Tex. App.—Houston [1st Dist.] 2012, pet. denied).

An appraisal district's legal description of a property along with the property's mailing address is a sufficient property description. *Hahn*, 394 S.W.3d at 25–27. A property description is also sufficient if it explicitly references county-appraisal-district tax-tract maps. *AIC Mgmt.*, 246 S.W.3d at 648. But when a deed has conflicting descriptions of the property being conveyed, specific provisions control over general expressions. *Stribling v. Millican DPC Partners, LP*, 458 S.W.3d 17, 20 (Tex. 2015). Applicable here, when the property's street address conflicts with the legal description from appraisal-district records, the legal description controls. *See WK Props., Inc. v.*

---

[2]With a quitclaim deed, a court must look to whether the instrument's language, taken as a whole, conveyed the property itself or merely the grantor's rights in the property. *Geodyne Energy*, 161 S.W.3d at 486. The deed at issue in this case did not convey the property to Wife; it merely conveyed Husband's right, title, interest, and claim to the property to Wife. It is thus a quitclaim deed. *See id.* Even so, deed-construction rules still apply. *See, e.g.*, *AIC Mgmt. v. Crews*, 246 S.W.3d 640, 641, 645 (Tex. 2008).

*Perrin SA Plaza, LLC*, 648 S.W.3d 513, 518–19 (Tex. App.—San Antonio 2021, no pet.) (holding that legal description from appraisal-district records recited in deed controlled over conflicting street addresses); *White v. Harrison*, 390 S.W.3d 666, 678–79 (Tex. App.—Dallas 2012, no pet.) ("[T]he legal description of a property will control over a common description or street address."); *cf. Stribling*, 458 S.W.3d at 20–21 (explaining that when metes-and-bounds description conflicts with general property description, the more specific metes-and-bounds description controls).

Alternatively, a deed can be ambiguous. Whether a deed is ambiguous is a legal question; a deed is not ambiguous if it can be given a definite and certain meaning as a matter of law. *Winegar v. Martin*, 304 S.W.3d 661, 665 (Tex. App.—Fort Worth 2010, no pet.). Nor is a deed ambiguous simply because two parties interpret the deed differently—"ambiguity exists only if both parties' interpretations are reasonable." *Piranha Partners v. Neuhoff*, 596 S.W.3d 740, 743–44 (Tex. 2020); *see Winegar*, 304 S.W.3d at 665. If a deed is ambiguous, a trial court may consider extrinsic evidence in determining the parties' intent. *See Cherokee Water*, 33 S.W.3d at 353.

### IV. Analysis

Wife's three issues challenge the trial court's characterization of the 21-acre tract as Husband's separate property. Wife claims that the quitclaim deed unambiguously conveyed Husband's interest in the 21-acre tract to her:

> **BE IT KNOWN BY ALL**, that Mr. Phillip R Ryan, ("*Grantor*") **whose address is** 2403 CR 2224, Decatur, Texas 76234, hereby **REMISES, RELEASES AND FOREVER QUITCLAIMS TO** Mrs. Sidney

Calvert Ryan ("*Grantee*"), **whose address is** 2403 CR 2224, Decatur, Texas 76234, all right, title, interest and claim to the following real estate property located at 2403 CR 2224 in the City/Township of Decatur, located in the County of and State of Texas and ZIP code of 76234, to-wit:

Property having LOT No. A0490.0020.01, with the Section No. 1, and having the following description: 2.0 acres, Abst: A-490 J Levins, Label: TEX0550597/98, Make: MH Manufacturing Inc. Serial: CW2001237TXA/B, Model: Southern Star, Model: 28X56, YR: 1995. [Underlining added.]

Because 2403 CR 2224 is the 21-acre tract's address but the legal description is from the county-appraisal-district records for the two-acre tract and mobile home, the street address and the legal description conflict. Wife contends that although there are two different property descriptions, the street address is the more specific and thus controls. Wife, however, is mistaken. The legal description is more specific than the street address and thus controls. *See WK Props.*, 648 S.W.3d at 519 (citing *White*, 390 S.W.3d at 678–79). The conflict between the street address and the legal description did not render the quitclaim deed insufficient or ambiguous. *See id.* (concluding that legal description controlled over street address and rejecting argument that conflict between the two rendered contract ambiguous). Accordingly, the quitclaim deed conveyed Husband's interest in the two acres and the mobile home to Wife.[3] It did not transfer Husband's interest in the 21 acres to Wife and thus did not suffice to create a presumption that he had gifted the 21-acre tract to her. Applying the

---

[3]Neither party challenges the trial court's confirmation of the two-acre tract and mobile home as Wife's separate property.

applicable review standards, we thus conclude and hold that the trial court did not make a legal error or abuse its discretion in confirming that the 21-acre tract was Husband's separate property.[4] We overrule Wife's three issues.

## V. Conclusion

Having overruled Wife's three issues, we affirm the trial court's final divorce decree.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered:  June 15, 2023

---

[4]Even if the quitclaim deed was ambiguous and the trial court thus could have properly considered extrinsic evidence relating to the parties' intent, the evidence here did not suffice to create the gift presumption. Husband testified that the quitclaim deed referred to only the two acres and the mobile home on it and explained that he got the information from the county website. Additionally, the more specific legal description in the quitclaim deed matches the Wise County Appraisal District's description of the two-acre tract. Husband also testified that the brand and size of the mobile home listed in the quitclaim deed referred to the mobile home located on the two-acre tract. Husband further explained that when he listed the address of 2403 CR 2224 in the quitclaim deed, he did so because he thought "it was wanting the mailing address." Wife admitted on cross-examination that the more specific description in the quitclaim deed referred to the mobile home on the two-acre tract.